# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

STEPHANIE URENA,

      **Plaintiff,**

v.                                                                Case No: 6:19-cv-615-Orl-40EJK

INTEX RECREATION CORP., INTEX
INDUSTRIES (XIAMEN) CO., LTD.,
INTEX TRADING LTD. and
AMAZON.COM, INC.,

      **Defendants.**
      /

## ORDER

This cause comes before the Court following an *in camera* review of the Florida Department of Children and Family's ("DCF") records produced to the Court pursuant to its September 17, 2019 Order. (Doc. 45.)

As previously discussed in that Order, Defendants seek the release of DCF records pertaining to the July 19, 2018 incident in which L.E., who was two years old at the time, gained access to an above-ground pool and later died. (Doc. 45 at 1–2.) Generally, DCF records are confidential. Fla. Stat. § 39.202(1). However, the records can be produced to "[a] court upon its finding that access to such records may be necessary for the determination of an issue before the court . . . ." Fla. Stat. § 39.202(2)(f). Under this provision, the records are first made available for *in camera* review by the court so that it can then determine whether "public disclosure of the information contained [in the records] is necessary for the resolution of an issue then pending before it." *Id.*

In the September 17, 2019 Order, the Court ordered DCF to produce the records for *in camera* review, finding that, based on Defendants' arguments, the DCF records likely contained information that may be necessary for an adjudication of the parties' claims and defenses. (Doc. 45 at 3.) DCF timely complied with the Court's Order, and the undersigned has had an opportunity to review the records. The Court is now at the more onerous standard of the two-step process governing release of DCF records, which requires a definitive finding of actual necessity for resolution of an issue pending before the court before releasing the records.

As both parties readily admitted at the hearing, there is an absence of case law expounding on the standard the Court should employ to determine whether such information is "necessary for the resolution of an issue then pending before it." Fla. Stat. § 39.202(2)(f). Defendants have posited that the Court should employ a Rule 26 relevancy standard in determining whether the DCF records are "necessary." (Doc. 33 at 6.) Plaintiff responds that the standard to be employed should be much higher than relevancy, based on the plain language of the statute. (Doc. 36 at 3–4.)

Defendants cite *Sutor v. Walmart-Stores, Inc.*, No. 2:12-cv-600-FtM-38DNF, Doc. 72 at 1 (M.D. Fla. Aug. 19, 2014), in support of their request for the release of the DCF records here. (Doc. 39 at 3.) While this case is the most factually analogous among those cited, the parties in *Sutor* did not contest the defendants' request for the release of DCF records. To that end, the court did not engage in a detailed analysis of the "necessity" standard at step two of Florida Statute § 39.202(2)(f). Defendants also cite *A.S. v. McNair*, No. 8:05-CV-1198-T-23EAJ, 2006 WL 4821450, at *2 (M.D. Fla. Nov. 22, 2006), arguing that the Court should similarly employ the Rule 26(b)(1) standard for discoverability when determining the second step of the analysis. (Doc. 33 at 3.) In *McNair*, the plaintiff sought the release of records from the Children's Advocacy Center

("CAC") in a case involving the alleged sexual harassment of a minor while in foster care.[1] *Id.* at *1. The CAC had in its possession a videotaped interview of the minor child as well as other records related to the alleged sexual abuse. *Id.* The court in *McNair* did not engage in an explicit analysis of the necessity standard in step two of Florida Statute § 39.202(2)(f). Rather, the Court focused on whether the requested records were relevant under Federal Rule of Civil Procedure 26. Finding that they were, the Court released the records, stating, "good cause exists to order disclosure [of the records] because of the relevance to the claims in this case and because of the governing provisions of the protective order already in place." *Id.* at *2.

Conversely, Plaintiff points to *Bogle v. Clifford Investments, LLC*, No: 6:14-cv-670-Orl-22GJK, Doc. 89 at 9 (M.D. Fla. Sept. 2, 2015), which found that the standard for the release of DCF records must necessarily be more stringent than the relevancy standard in Rule 26. (Doc. 36 at 6.) In denying plaintiff's motion for release of DCF records, the court stated that the plaintiff needed to "articulat[e] why the information [sought] is relevant, non-cumulative, and may be necessary for the resolution of a specific issue pending before the court." *Bogle*, No: 6:14-cv-670-Orl-22GJK, Doc. 89 at 9.[2]

The Court agrees with *Bogle*'s interpretation of the "necessity" standard set forth in § 39.202(2)(f). Relevancy is an inherent consideration in whether the Court should order the disclosure of the DCF records. But *Bogle*'s conclusion that the standard set forth in Florida Statute § 39.202(2)(f) requires more than just relevancy squares with the Statute's plain language requiring a showing of "necessity."

---

[1] Defendants never responded to the motion for release of the records. *McNair*, 2006 WL 4821450, at *1.
[2] The *Bogle* Court examined the issue at step one of the two-step analysis set forth in Florida Statute § 39.202(2)(f). No: 6:14-cv-670-Orl-22GJK, Doc. 89 at 9.

Here, Defendants argue that the DCF records in this case include notes from the investigation that took place shortly after the death of L.E. (Doc. 33 at 7.) Defendants assert that a critical defense in this case is the alleged negligence of L.E.'s parents surrounding this incident. (*Id.*) To that end, they believe the DCF records are necessary because "[t]hese files will provide timely and critical information that . . . weigh directly on the issues of liability for the claims of negligence and product defect, as well as Defendants' affirmative defenses of comparative negligence and *Fabre*." (*Id.*)

Plaintiff responds that the records should not be released because they are cumulative of evidence that Defendants have already received to date, such as the District Nine Medical Examiner and Volusia County Sheriff's Office's records. (Doc. 36 at 4.) But the DCF records are not necessarily cumulative. While some information in the DCF records may already be available to Defendants, the DCF records contain information that evaluate the fitness of L.E.'s parents. Thus, the Court finds that the records are relevant and non-cumulative, and that Defendants have made a particularized showing to this Court regarding how the DCF records are sufficiently necessary for their defenses in this case to satisfy the "necessary" standard set forth in step two of Florida Statute § 39.202(2)(f).

Accordingly, it is **ORDERED** as follows:

1. The DCF records produced to the Court pursuant to its September 19, 2019 Order (Doc. 45) are to be released to the parties' counsel of record in this case.

2. The parties' counsel of record in this case **SHALL** maintain the confidentiality of the DCF records, subject to any confidentiality agreement that may exist between the parties.

3. The parties are **DIRECTED** to notify the Court **on or before November 8, 2019**, whether a confidentiality agreement exists to protect the confidentiality of the DCF records. If one does not presently exist, then the parties should attempt to negotiate a confidentiality agreement prior to November 8, 2019. If the parties cannot agree on the terms of a confidentiality agreement, they may move for a protective order. Upon the Court ascertaining that the proper mechanism is in place to maintain the DCF records' confidentiality, the Clerk of Court will release the records to the parties.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2019.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties